# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STERLING JEWELERS INC., | ) | CASE NO. 5:17-cv-2540 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ALEX AND ANI, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of plaintiff Sterling Jewelers Inc. ("Sterling") to deem admitted Requests for Admission Nos. 1, 2, and 4-10. (Doc. No. 18 ["Mot."].) Defendant Alex and Ani, LLC ("A&A") filed a memorandum in opposition (Doc. No. 19 ["Opp'n"]) and Sterling filed a reply (Doc. No. 20 ["Reply"]). For the reasons set forth herein, plaintiff's motion, construed as a motion regarding the sufficiency of objections, is granted in part and denied in part.

## I. BACKGROUND

This is an action for breach of contract and unjust enrichment. It was originally filed in state court and removed to this Court on the basis of diversity of citizenship. Copies of all relevant contracts and various addendums are attached to the complaint. (*See* Doc. No. 1-2.)

The gravamen of the complaint is that, in August 2015, Sterling and A&A entered into initial agreements whereby Sterling agreed to purchase products from A&A to sell in certain Jared The Galleria of Jewelry ("Jared") brick and mortar stores pursuant to certain terms and restrictions. (Doc. No. 1, Complaint ["Compl."] ¶¶ 8, 12.) Because of the contractual restrictions, Sterling encountered difficulties selling the products and sales soon began underperforming. (*Id.* ¶ 13.)

Sterling accumulated a significant inventory backlog of A&A's products totaling, at one time, as much as $6,000,000. (*Id*. ¶ 16.)

In April 2016, representatives of Sterling and A&A conferred and came to an agreement whereby A&A would repurchase all of the backlogged inventory that Sterling had as of September 1, 2016. (*Id.* ¶ 17.) This was memorialized in a letter agreement drafted by Sterling, and apparently never objected to by A&A. (*Id.* ¶¶ 18-19.) In July 2016, the parties conferred again and revised the April 2016 agreement by limiting the amount of A&A's repurchase obligation to $3,000,000 worth of products. (*Id*. ¶ 23.) This revision was also put in writing. (*Id*. ¶ 24.) A signed copy was never returned by A&A, who also never objected to the writing. (*Id.* ¶¶ 25-26.)

In August 2016, Sterling began its return of products. Although A&A accepted the shipment of returns and indicated that payment would follow, payment has yet to be remitted. (*Id*. ¶¶ 29-30.) In addition, A&A has failed to honor its commitment to repurchase the remaining inventory. (*Id*. ¶¶ 31-32.)

Sterling terminated its agreement with A&A in August 2016 and began to try to mitigate its damages by selling the products using certain discounting strategies. (*Id*. ¶¶ 32, 34.) Thereafter, A&A sent Sterling multiple letters demanding that Sterling cease and desist all sales of the products at a discount, asserting that this was a violation of the terms of the parties' original agreement. (*Id* ¶ 35.)

Sterling's complaint, filed in state court on November 7, 2017 and removed to federal court on December 6, 2017, seeks to recover damages in excess of $2,554,228, plus interest from September 1, 2016, and attorney fees. (*Id.* ¶ 38.)

Following this Court's issuance of the Case Management Plan and Trial Order, on March 22, 2018, Sterling served its First Requests for Admission, First Set of Interrogatories, and First

Request for Production of Documents. (Mot. Ex. D (Doc. No. 18-5).) Because the parties participated in mediation on April 19, 2018, and while settlement discussions continued thereafter, Sterling agreed to extensions of time for A&A to respond, with the last requested extension expiring on May 28, 2018. (Mot. at 177.[1])

On July 12, 2018, counsel for Sterling corresponded by email with counsel for A&A addressing A&A's failure to timely respond to the discovery requests and stating that, if responses were not received by July 19, 2018, Sterling would seek the court's intervention. (Mot. Ex. A (Doc. No. 18-2).) On July 19, 2018, A&A served its written responses to the Requests for Admission only. (Mot. Ex. B (Doc. No. 18-3).)

On July 23, 2018, Sterling's counsel again communicated with A&A's counsel by email asserting the deficiency of the various responses and, further, raising the issue that A&A had yet to serve written responses to all the remaining discovery. (Mot. Ex. C (Doc. No. 18-4).) A&A did not respond and this motion followed.

## II. DISCUSSION

Federal Rule of Civil Procedure 36 permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either [.]" Fed. R. Civ. P. 36(a)(1)(A). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection[.]" Fed. R. Civ. P. 36(a)(3).

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

3

Sterling argues that its Requests for Admission Nos. 1, 2, and 4-10 should be deemed admitted because responses were not timely served by May 28, 2018, the last extension requested by A&A. (Mot. at 177.) "Unanswered requests for admission are automatically deemed admitted under Rule 36(a); no motion to establish or affirm the admissions is required." *Shell v. Lautenschlager*, No. 1:15CV1757, 2017 WL 4919206, at *4 (N.D. Ohio Oct. 31, 2017) (citing, *inter alia*, *Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017)). "A matter admitted under [the] rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

The complication in this case is that Sterling, by way of its July 12, 2018 email to A&A's counsel effectively granted another extension to July 19, 2018. Had it not done so, by operation of the rule, the requests would have been deemed admitted, and they would have been controlling unless A&A had sought and was granted permission to withdraw or amend the admissions. Although A&A has offered no argument with respect to Sterling's current assertion of untimeliness, the Court does not believe it would be fair for Sterling to deprive A&A of its reliance upon that final extension by arguing now that the responses were untimely, especially since A&A served its responses to the Requests for Admission on July 19, 2018, the new extended deadline set by Sterling.[2] (Mot. at 178 and Ex. B.)

From a procedural standpoint under the rule, the issue now is whether A&A's responses were compliant with the rule and, if not, what relief is warranted. Answers and objections are addressed as follows by the rule:

> **(4) Answer.** If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith

---

[2] Apparently A&A has yet to respond to the remaining discovery, but that fact is not the subject of the instant motion.

4

requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

**(5) Objections.** The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

Fed. R. Civ. P. 36(a)(4),(5). Rule 36 further provides a mechanism for addressing the sufficiency of an answer or objection:

**(6) Motion Regarding the Sufficiency of an Answer or Objection.** The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a)(6).

As an alternative to its timeliness argument (which the Court has rejected), Sterling argues that Requests for Admission Nos. 1, 2, and 4-10 should be deemed admitted because A&A's responses are non-compliant with the requirements of Rule 36 since they neither admit nor deny, nor state in detail why A&A cannot truthfully admit or deny. According to Sterling, the responses are only "boilerplate objections." (Mot. at 178.)

In opposition, A&A argues that the rule does not permit the immediate "deemed admitted" relief sought by plaintiff; rather, the rule contemplates an initial request to the Court to determine if A&A's objections were proper and, if not, that it be given an opportunity to serve its answers. If *those* answers then do not comply with the rule, the Court may deem the requests admitted. (Opp'n at 229.)

5

In reply, Sterling points to an order of another branch of this court for the proposition that, once any answer is found non-compliant, a court may immediately deem the request admitted, without first permitting an amended answer. (Mot. at 244, citing *Sherwin-Williams Co. v. Wooster Brush Co.*, 2014 U.S. Dist. LEXIS 26806, at *3-4 (N.D. Ohio Mar. 3, 2014).) But that misreads *Sherwin-Williams*, where the court permitted amended answers and specifically stated that it would "not take the more drastic measure of deeming the requests admitted." *Id.* at *4. The primary issue is whether the requesting party has been or will be prejudiced if the Court permits amended answers rather than deeming the requests admitted. *Id.*; Fed. R. Civ. P. 36(b).

Under Rule 36, the appropriate motion is one seeking a determination as to the sufficiency of an answer or objection. *See* Rule 36(a)(6). The rule does not provide for a motion to deem requests admitted, although that is one of the forms of relief available to the ruling court. This Court will, therefore, deem Sterling's motion as the former.

The rule sets forth the proper sequence. First, if a party has objected to requests for admission, but the objection is not justified, the court "must order that an answer be served." Or, if the party answered, but the court finds that the answer "does not comply with this rule, the court may order either that the matter is admitted or than an amended answer be served." Sterling appears to merge these two, arguing that A&A's objections are non-responsive and evasive and, therefore, the requests should be immediately deemed admitted. The Court does not read the rule as permitting the immediate relief that Sterling seeks. Fed. R. Civ. P. 36(b) makes clear that the whole point of admissions is to "promote the presentation of the merits of the action[.]" To that end, "the court may permit withdrawal or amendment if it . . . is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

Accordingly, the Court will examine below each of the responses given by A&A to determine whether the objections were justified and, if not, the Court will direct that A&A serve its answers. As a threshold matter, each Request for Admission, as well as each objection, must be read in light of the definitions set forth in the admissions request, as well as in light of the allegations of the complaint and its exhibits. It is only in that full context that the requests and responses take on meaning.

> **Request No. 1:** Admit that no one at Alex and Ani rejected in writing the July 2016 Addendum sent to Daniel Sills on July 13, 2016.
>
> > **Response No. 1**: Objection. Defendant incorporates the General Objections to the extent applicable. Further, this request is vague and ambiguous with regard to the term "no one" and, as such, Defendant is unable to admit or deny this allegation as phrased.

**Ruling:** This objection is not justified. The phrase "no one" is not vague or ambiguous. Either the July 2016 Addendum sent to Daniel Sills on July 13, 2016 was rejected in writing or it was not. If it was not, then "no one" rejected it and this should be admitted. If there was a rejection, then this should be denied. (*See* Compl. ¶¶ 24, 26 and Ex. F.) A&A shall serve an answer to this request.

> **Request No. 2:** Admit that Alex and Ani agreed in July 2016 to repurchase the Revised Buyback Inventory.
>
> > **Response No. 2**: Objection. Defendant incorporates the General Objections to the extent applicable. This request calls for A&A to speculate as to the defined term, "Revised Buyback Inventory" which is defined as "Products up to $3,000,000 in Sterling's inventory as of September 1, 2016." Defendant is without sufficient information pertaining to "Sterling's inventory" and/or the dollar amount representative of such "inventory." Therefore, A&A can neither admit nor deny this allegation.

**Ruling:** This objection is not justified. When the defined terms "Products," "Buyback Inventory," and "Revised Buyback Inventory" are read together, and in light of the allegations of

7

the complaint (*see* Compl. ¶¶ 24, 26 and Ex. F), there is no need to speculate as to the contents or dollar amount of Sterling's actual inventory. This request asks A&A to admit that, in July 2016, it agreed to buy back up to $3,000,000 worth of the products in Sterling's inventory as of September 1, 2016, that A&A had originally sold to Sterling. Although there are several components in this request (the date of the alleged agreement, the amount A&A agreed to buy back, and the reference date for calculating that amount), it can be admitted or denied in whole or in part. A&A shall serve an answer to this request.

> **Request No. 4:** Admit that You authorized the return of inventory of Products Sterling shipped to You.
>
> > **Response No. 4**: Objection. Defendant incorporates the General Objections to the extent applicable. This request is vague and ambiguous with regard to the term "authorized" and "returned." This request is also overly broad due to the breadth of the defined term "YOU," which propounding party defines as including not only Defendant, but also Defendant's agents, attorneys, officers, directors, representatives and others. Moreover, any request containing the defined term "YOU" necessarily seeks attorney work-product that is not discoverable. This request is overly broad and unduly burdensome because it is not limited to any time period or in scope to any issue in this case. Accordingly, A&A can neither admit nor deny this allegation.

**Ruling:** This request, even when read in light of the allegations of the complaint, is overly broad, vague, and ambiguous because it completely lacks any reference points with respect to time. A&A's objection is justified. No answer is required.

> **Request No. 5:** Admit that You accepted the delivery of the inventory of Products Sterling shipped to You.
>
> > **Response No. 5:** Objection. Defendant incorporates the General Objections to the extent applicable. This request is vague and ambiguous with regard to the phrase "accepted the delivery." This request calls for a legal conclusion from a layperson and, as such, no response is required. Additionally, this request is overly broad due to the breadth of the defined

8

term "YOU," which propounding party defines as including not only Defendant, but also Defendant's agents, attorneys, officers, directors, representatives and others. Moreover, any request containing the defined term "YOU" necessarily seeks attorney work-product that is not discoverable. Accordingly, A&A can neither admit nor deny this allegation as phrased.

**Ruling:** As with Request No. 4, this request, even when read in conjunction with the complaint, is overly broad, vague, and ambiguous, because it completely lacks any reference points with respect to time. A&A's objection is justified. No answer is required.

**Request No. 6:** Admit that You have not paid Sterling for the inventory of Products Sterling returned to You.

**Response No. 6**: Objection. Defendant incorporates the General Objections to the extent applicable. This request is vague and ambiguous with regard to the term "inventory." This request is also overly broad due to the breadth of the defined term "YOU," which propounding party defines as including not only Defendant, but also Defendant's agents, attorneys, officers, directors, representatives and others. Moreover, any request containing the defined term "YOU" necessarily seeks attorney work-product that is not discoverable. This request is overly broad and unduly burdensome because it is not limited to any time period or in scope to any issue in this case. Accordingly, A&A can neither admit nor deny this allegation as phrased.

**Ruling:** Although at first blush this request appears somewhat vague, when read in light of the allegations of the complaint (*see* Compl. ¶¶ 28-30), it is neither vague and ambiguous nor overly broad. A&A's objection is not justified. A&A would surely know whether and how much inventory was returned by Sterling and whether it remitted payment. A&A shall serve an answer to this request.

**Request No. 7:** Admit that You have not paid Sterling for the remaining Revised Buyback Inventory that You agreed to purchase.

**Response No. 7**: Objection. Defendant incorporates the General Objections to the extent applicable. This request is overly broad due to the breadth of the specially-defined term "YOU," which propounding party defines as

9

including not only Defendant, but also Defendant's agents, attorneys, officers, directors, representatives and others. Moreover, any request containing the defined term "YOU" necessarily seeks attorney work-product that is not discoverable. This request is also vague and ambiguous with regard to the term "remaining," and with regard to the defined term "Revised Buyback Inventory." Due to these ambiguous terms, and the fact that Defendants (sic) are without sufficient information pertaining to "Sterling's inventory" and/or the dollar amount representative of such "inventory," Defendants (sic) are unable to admit or deny this allegation as phrased.

**Ruling:** This request is neither vague nor ambiguous, when read together with Request No. 2. Depending on its answer to Request No. 2, Sterling should be able to either admit or deny Request No. 7, in whole or in part. A&A shall serve an answer to this request.

**Request No. 8:** Admit that on August 3, 2016 a representative of Alex and Ani confirmed You would remit payment to Sterling for the returned inventory once You processed the shipment.

**Response No. 8:** Objection. Defendant incorporates the General Objections to the extent applicable. This request is vague and ambiguous with regard to the term "confirmed," "remit payment" and "returned inventory." This request is overly broad due to the breadth of the defined term "YOU," which propounding party defines as including not only Defendant, but also Defendant's agents, attorneys, officers, directors, representatives and others. Moreover, any request containing the defined term "YOU" necessarily seeks attorney work-product that is not discoverable. Accordingly, A&A can neither admit nor deny this allegation as phrased.

**Ruling:** This request, when read in light of the complaint (*see* Compl. ¶ 29 and Ex. G), is neither overly broad nor vague and ambiguous. A&A's objection is not justified. A&A shall serve an answer to this request.

**Request No. 9:** Admit that Alex and Ani's products are sold on discount websites.

**Response No. 9**: Objection. Defendant incorporates the General Objections to the extent applicable. This request is vague and ambiguous with regard to the term "discount websites." Also, this request is unduly burdensome because the information requested is publicly available and, thus, equally

available to the propounding party. Accordingly, A&A can neither admit nor deny this allegation as phrased.

**Ruling:** The objection that this request is vague and ambiguous with regard to the term "discount websites" is justified. No answer is required.

**Request No. 10:** Admit that Alex and Ani's products are sold at discount outlets.

**Response No. 10**: Objection. Defendant incorporates the General Objections to the extent applicable. This request is vague and ambiguous with regard to the term "discount outlets." Also, this request is unduly burdensome because the information requested is publicly available and, thus, equally available to the propounding party. Accordingly, A&A can neither admit nor deny this allegation as phrased.

**Ruling:** The objection that this request is vague and ambiguous with regard to the term "discount outlets" is justified. No answer is required.

### III. CONCLUSION

For the reasons set forth herein, plaintiff's motion, construed as a motion to test the sufficiency of defendant's objections, is granted in part and denied in part.

A&A shall serve answers to Requests for Admission Nos. 1, 2, 6 and 8 by no later than 14 calendar days from the date of this order.

**IT IS SO ORDERED**.

Dated: November 20, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**