UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STERLING JEWELERS INC., | ) | CASE NO. 5:17-cv-2540 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| ALEX AND ANI, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On November 7, 2018, defendant Alex and Ani, LLC ("defendant") filed a notice requesting a telephone conference, under Local Rule ("L.R.") 37.1, "to discuss several discovery issues." (Doc. No. 25 ["Not."].) Citing L.R. 37.1(b), the Court denied the request as untimely. (Non-Document Order, dated Nov. 20, 2018.) Now before the Court is defendant's motion for reconsideration of request for telephone conference and to extend discovery deadlines. (Doc. No. 28 ["Mot."].) Plaintiff Sterling Jewelers Inc. ("plaintiff") opposes the motion. (Doc. No. 29 ["Opp'n"].)

Plaintiff brought this action in state court, on November 7, 2017, alleging breach of contract. (Doc. No. 1-2 (Complaint) ¶ 1.) On December 6, 2017, defendant removed the matter to federal court on the basis of diversity jurisdiction. (Doc. No. 1 (Notice of Removal).) Since the removal there have been numerous delays, many of which can be traced back to defendant. For example, defendant sought and received three extensions before finally filing its answer and

counterclaims on February 5, 2018. (*See* Doc. Nos. 4, 7, 8.) Defendant also sought and received an extension of time in which to file its initial Rule 26(a)(1) disclosures. (*See* Doc. No. 12.)

On March 14, 2018, the Court conducted a telephonic case management conference, at which time it set dates and deadlines to govern this case. Relevant to the present motion, the Court set April 13, 2018 as the date for amending pleadings and adding parties, October 15, 2018 as the non-expert discovery deadline, and December 14, 2018 as the cut-off for expert discovery. (Doc. No. 15 (Case Management Plan and Trial Order ["CMPTO"]).) During the conference, counsel for defendant indicated that his client had intentions to pursue a claim related to a third party, Pandora Jewelry, Inc. ("Pandora"). However, the April 13, 2018 deadline for amending pleadings and/or adding parties came and went without defendant seeking leaving to amend.

Defendant also delayed in conducting discovery. In fact, the record reflects that defendants waited until August 14, 2018—five months into the seven-month discovery period—to issue its first discovery requests.[1] (Doc. No. 29-1 (Declaration of Yelena Boxer ["Boxer Decl."]) ¶ 6.) Defendant also failed to conduct *any* depositions during the discovery period. In fact, it served its first and only deposition notice on October 12, 2018—one business day before the close of discovery. (*Id*. ¶ 11.) At defendant's request, and by agreement of counsel, defense counsel conducted the deposition of plaintiff's Rule 30(b0(6) designee seven days after the discovery deadline.[2] (Doc. No. 22 at 251.)

---

[1] In contrast, plaintiff served its initial discovery requests on March 22, 2018, eight days after the case management conference.

[2] The record also reflects that, by the agreement of counsel, plaintiff conducted its Rule 30(b)(6) deposition two days after the close of discovery. (*Id*.)

After an unsuccessful mediation session in Spring 2018, the Court encouraged the parties to continue settlement discussions and, thereafter, conducted a series of telephone conferences to check on the status of negotiations. During the July 25, 2018 conference, the Court reminded counsel of their obligation to file joint status reports and directed them to file a report in which counsel was to "advise the Court as to the status of non-expert discovery and the plans for concluding discovery before the deadline set forth in the Court's case management plan and trial order." (Minutes, dated July 25, 2018.) In their July 27, 2018 status report, the parties outlined their discovery efforts and represented that there was no reason for deviation from the dates and deadlines in the CMPTO. (Doc. No. 17 at 171.)

Defendant brought its request for a phone conference under L.R. 37.1, which sets forth the procedure for addressing discovery disputes. Rule 37.1(b) provides that "[n]o discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) after the discovery cut-off date." Defendant's notice was filed on November 7, 2018, twenty-three (23) days after the non-expert discovery cut-off. "The Northern District of Ohio has adhered to the Local Rule 37.1(b) time limit[.]" *Balsley v. LFP, Inc.*, No. 1:08 CV 491, 2010 WL 11561883, at *2 (N.D. Ohio Jan. 26, 2010) (collecting cases denying attempts to raise discovery-related disputes beyond the 10-day time limit).

Still, in its motion for reconsideration, defendant suggests that it only recently became aware of the need for additional discovery, and that it brought "many of the issues" raised in its untimely request for a L.R. 37.1 phone conference in its October 25, 2018 status report. (*See* Doc. No. 22.) Of course, the filing of a status report does not excuse a party's obligations under the governing civil or local rules, and, in this case, the status report merely indicated that

defendant would be petitioning the Court in the future to conduct additional discovery. (*Id*. at 252.) Moreover, it was defendant's delay in conducting discovery that prevented it from completing discovery before the Court's deadline. In its October 25, 2018 status report, defendant explained that it was not until its counsel took the Rule 30(b)(6) deposition of plaintiff's designee, a week after the discovery deadline, it realized that it needed to pursue additional discovery. (*Id*. at 252.) While the Court's CMPTO does not preclude parties from privately agreeing to conduct discovery beyond the Court's deadline, parties do so at their own peril, as any such agreement does not obligate the Court to disturb its dates and deadlines. The Court will not reward defendant's dilatory conduct by excusing its untimely L.R. 37.1 request, and its motion for reconsideration is denied for this reason alone.[3]

The Court could also have denied defendant's initial request for the more fundamental reason that it did not identify any discovery disputes. The notice merely discussed defendant's eleventh-hour interest in adding a third-party, conducting additional non-expert discovery, and extending the expert discovery deadline. (Not. at 256.) These are not discovery disputes.[4] Rather, defendant's requests should have been brought as motions under the Federal Rules of Civil Procedure. For example, requests to amend pleadings are properly made under Fed. R. Civ. P.

---

[3] Though not highlighted in the Court's non-document order, defendant also failed to "certif[y] to the Court the making of, sincere, good faith efforts to resolve such disputes." L.R. 37.1(a)(1). The failure to make the necessary certification represents an additional reason for denying defendant's request. *See St John v. Bosley, Inc*., No. 1:10CV0954, 2011 WL 1542532, at *2 (N.D. Ohio Apr. 21, 2011) (noting that Rule 37.1 provides that "a party must certify that there has been a good faith effort to resolve the dispute, and allow for an alternative resolution, prior to filing a motion to compel"); s*ee also DiOrio v. TMI Hospitality*, No. 4:15CV1710, 2017 WL 2455798, at *3 (N.D. Ohio May 19, 2017 (noting that "[h]ad Plaintiff followed Local Rule 37.1 and met and conferred with Defendant, perhaps the single issue raised in the motion to compel could have been resolved without Court intervention").

[4] It was not until its December 7, 2018 motion for reconsideration that defendant identified any discovery dispute. In the present motion, defendant, for the first time, indicates that it needs additional discovery time so that it can compel more responsive discovery requests from plaintiff. (Mot. at 276.) Such notice comes more than six weeks after the close of non-expert discovery and well beyond the 10-day deadline set forth in L.R. 37.1(b).

15, and requests to add or drop parties to a litigation are brought pursuant to Fed. R. Civ. P. 21. Likewise, requests to extend case management deadlines are properly brought under Rule 16. As L.R. 37.1 makes clear, it is reserved for the resolution of discovery disputes; it is not a method by which parties can skirt the federal civil rules.

Of course, if defendant had properly brought motions under Fed. R. Civ. P. 15, 16, and 21, they would not have likely been granted. "Rule 16 permits district courts to amend the pretrial scheduling order provided that the movant demonstrates 'good cause.'" *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (affirming trial court's denial of plaintiff's motion to extend expert discovery deadlines for want of good cause) (quoting Fed. R. Civ. P. 16(b)(4)). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." *Id*. (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2001)); *see also Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010) (listing factors, including the length of the discovery period and any dilatory conduct by the moving party, in considering requested amendments to the court's scheduling order).

As set forth above, defendant has failed to demonstrate that it exercised diligence in attempting to meet the Court's deadlines. Defendant let most of the discovery period pass before conducting *any* discovery, leaving no time to explore additional avenues of discovery. Further, the Court finds that, at this stage in the litigation, any extension of the discovery deadlines would clearly prejudice plaintiff. Given that the periods for non-expert and expert discovery have expired, and the January 15, 2019 dispositive motion deadline is fast approaching, any extension

of the discovery periods would have the cascading effect of jeopardizing the Court's remaining dates and deadlines. Plaintiff has a right to have the Court reach the merits of its claims, and, accordingly, the Court cannot justify delaying the disposition of this case based upon defendant's dilatory conduct. Absent a showing of good cause, the Court would not consider amending its CMPTO.

Defendant would fare no better on a motion to amend. Rule 15(a)(2) provides that the court should "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, where "the deadline for amending pleadings established by the Court's scheduling order has passed, the Sixth Circuit has made clear that, 'a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend' and the Court 'must evaluate prejudice to the nonmoving party before [it] will consider whether amendment is proper under Rule 15(a).'" *Bare v. Fed. Express Corp.*, 886 F. Supp. 2d 600, 605 (N.D. Ohio 2012) (quoting *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009)); *see Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) (recognizing that the Sixth Circuit applies a different standard when reviewing a decision on a motion to amend after the deadline set forth in the scheduling order). Nonetheless, to deny a motion to amend, the Court must also find "'at least some significant showing of prejudice to the opponent[.]'" *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003) (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

As previously noted, defendant cannot demonstrate good cause under Rule 16 for failing to conduct discovery in a timely manner. *See, e.g., Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) ("In order to demonstrate good cause, the plaintiff must show that the

original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment.") It also cannot justify its delay in seeking leave to amend when it has known of the existence of third-party Pandora since at least the March 14, 2018 case management conference. *See Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 537 (6th Cir. 2008) (plaintiff did not demonstrate good cause when he knew the facts underlying the motion to amend for several years prior to seeking leave). While discovery may have unearthed additional facets of a potential claim against Pandora, defendant has failed to demonstrate that it has not possessed the ability to satisfy Rule 8's liberal pleading requirements since the inception of this litigation.

Moreover, the Court finds that plaintiff would suffer prejudice if defendant was permitted to amend its pleadings at this late date, given the fact that the Court would need to reopen discovery, delay dispositive motion practice, and postpone the trial. *See Duggins*, 195 F.3d at 834 ("At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree.") (collecting cases). Rule 15's liberality is reserved for the diligent party who only later acquires facts needed to properly state a cause of action. *See United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). At this point in the litigation, any motion to amend would come too late for defendant to demonstrate diligence, and such a motion could not be granted without causing prejudice to plaintiff and undue delay. It would, therefore, fail on the merits.

Defendant's motion for reconsideration of request for telephone conference and to extend discovery deadlines is DENIED, no modifications will be made to the case management plan, and the parties are instructed to proceed to dispositive motion practice, if appropriate.

**IT IS SO ORDERED**.

Dated: January 3, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**